ELIZABETH DEMARTINO *vs.* THE CITY OF NEW HAVEN.

MALTBIE C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided March 15th, 1932.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellant (defendant).

*Kenneth Wynne,* with whom, on the brief, was *Herbert L. Emanuelson,* for the appellee (plaintiff).

HAINES, J. The commissioner found that the plaintiff was the widow of Fred DeMartino, with two minor children; that on April 30th, 1931, and for more than twenty-six weeks prior thereto, DeMartino was employed by the defendant, and that the parties were subject to the provisions of the Workmen's Compensation Act; that he worked in a dredging crew on the West River Memorial Park job, a part of his duty being to turn on the switch of the transformer shortly before seven o'clock each morning; that in order to reach the transformer from his home, it was necessary, unless he used a row boat, to cross a lagoon on a pontoon bridge which led from filled-in land, near the roadway now known as a continuation of Legion Avenue, to other filled-in land on which the transformer stood; that there were no regular paths to the pontoon bridge and the decedent was free to find his way across the filled-in land from the road to the bridge by whatever route he chose; that the only row boat in service the morning of October 30th was tied to the pontoon bridge; that the decedent left his home at the usual time that morning—about a quarter before seven—and was seen walking to his work,

but he did not report at his place of employment, and about noon his body was recovered from the lagoon; that he was wearing heavy hip boots and his regular working clothes and the keys to the transformer switch were in his pocket.

From these subordinate facts, the commissioner reached the conclusion stated in paragraph ten of the finding, that the death of the decedent arose out of and in the course of his employment, at a place on the employer's premises where he had a right to be and at a time when he was accustomed to be there, and awarded compensation accordingly.

The defendant moved that paragraph ten be stricken out, and that several other paragraphs be added to the finding to the effect that in order to reach his place of employment, it was necessary for the decedent to walk north on Oak Street, thence east on Legion Avenue, but that instead of following this route, which was reasonably safe and direct, he chose, for some purpose of his own, to leave Oak Street before he reached Legion Avenue and cut across low land which was ten feet below the level of the road and covered with débris to the edge of the lagoon which was obviously dangerous, and so the decedent unnecessarily subjected himself to an extraordinary peril; that he was drowned between six-fifty and six-fifty-two that morning; that though this occurred on property owned by the defendant, it was not at the place of employment or where the decedent might reasonably be expected to be in order to reach his place of employment, and therefore the drowning did not arise out of or in the course of the employment. In support of the motion, the defendant procured the certification of certain portions of the evidence. The motion was denied by the commissioner, and upon appeal, by the court.

The obvious purpose of the motion was to lay a

basis, if possible, for a conclusion that it was the duty of the decedent to take the route by Oak Street and Legion Avenue and that he took the route he did for some purpose of his own, and so unnecessarily subjected himself to grave risk, and was not then in a place where he had a right to be and therefore the drowning could not be said to have arisen out of or in course of the employment.

This evidence does not justify the addition of any subordinate facts which would support the conclusions desired. They would not support a conclusion that the decedent at the time was on some errand of his own or that the route he took was "obviously and necessarily dangerous" or that it subjected him to "extraordinary peril." Unchallenged portions of the finding show that to go to the transformer from the decedent's home, one could use either the pontoon bridge or a row boat; that there were "no regular paths" across the filled-in land and to reach the bridge on foot the decedent "was free to find his way across the filled-in land from the road . . . by whatever way he chose" and that there was a row boat in service which at that time was tied to the bridge.

This evidence, including the photographs and the sketch referred to therein, makes it clear that the decedent, instead of taking the longer route by way of Oak Street and Legion Avenue, "cut across lots" from Oak Street and skirted the end of the lagoon, and for some unknown reason, got into the water and was drowned. There is no suggestion that he crossed the lot for any private purpose of his own, but on the contrary it is clear that he was on his way to work, equipped therefor and on time. He took a route which was shorter than that which the defendant contends he should have taken, but it is found and not contested, that he was free to do this. There were

no defined paths for him to follow and he was, so far as appears, under no requirement by the terms of his employment, to take any particular route.

The motion to correct the finding was properly denied. Taking the subordinate facts as they are presented to us, we cannot say that the conclusions of the commissioner and the court drawn therefrom were not logical and reasonable.

There is no error.

In this opinion the other judges concurred.